**SHARK BROTHERS, INC., a North Dakota Corporation, Petitioner and Appellant,**

v.

**Shirley V. PETERSON, as Executive Director of Job Service North Dakota, Anthony B. Schneider, doing business as Schneider's Men's Store, and Job Service North Dakota, Respondents and Appellees.**

**Civ. No. 10544.**

Supreme Court of North Dakota.

Feb. 23, 1984.

Myer Shark, Fargo, for petitioner and appellant.

Michael J. Wilma, Asst. Atty. Gen., Bismarck, for respondent and appellee Job Service North Dakota.

Pringle & Herigstad, Minot, for Anthony B. Schneider, d.b.a. Schneider's Men's Store; on briefs only.

SAND, Justice.

Shark Brothers, Inc. (Shark, Inc.),[1] appealed from a district court judgment affirming the order of Job Service of North Dakota transferring Shark, Inc.'s, unemployment compensation tax "experience rating" to Anthony Schneider on the basis that Schneider purchased Shark, Inc.'s, clothing business at Minot.

Shark, Inc., sold its clothing store at Minot on 31 December 1981 to Anthony

---

1. According to Shark, Inc.'s, brief, the corporation, since 1934, has owned and operated several business enterprises in North Dakota, under several trade names. The corporation, which began as a partnership, operated retail men's clothing stores in Devils Lake, Fargo, and Minot for 31, 16, and 47 years, respectively. The corporation was also engaged in commercial and residential real estate operations in Minot until 1958, and is currently engaged in real estate operations in Devils Lake and Fargo.

Schneider, now d.b.a. Schneider's Men's Store. Two weeks before the sale was completed, Schneider filed an application with Job Service of North Dakota for the unemployment compensation fund experience rating (*i.e.*, tax rate) of "Saul Shark, dba Shark's Men's Store." The law governing acquisition of an experience rating is contained in North Dakota Century Code § 52–04–08. That section provides:

> "For the purpose of establishing benefit experience and fixing contributions to be paid, an employing unit which in any manner succeeds to or acquired substantially all of the organization, trade, business, or the assets thereof, of any *employing unit* shall upon request be substituted to the position and all rights of the predecessor employing unit with respect to such predecessor employing unit's separate account, actual contributions and benefit experience, annual payroll, or otherwise, as if no change with respect to such separate account, contributions, and benefit experience, payrolls or otherwise, had occurred. The bureau upon notification thereof shall forthwith transfer to such succeeding employing unit all rights, accounts, contributions, benefit experience, and all ratings of such predecessor employing unit in accordance with such regulations as the bureau may prescribe; provided, that if good cause can be shown to the bureau why such transfer would be inequitable, the bureau ma) refuse the same." [Emphasis supplied.]

In response to an inquiry by Shark, Inc., about its experience rating, Job Service stated in a letter dated 4 December 1981 that Shark, Inc., had an experience rating of 0.5%, the lowest obtainable in 1981. The letter also stated ɩnat the experience rating for a new business in 1981 was 5%. This most likely prompted Schneider to seek this lower rate.

Job Service notified Shark, Inc., of Schneider's application. In response

Shark, Inc., opposed the transfer because it was not a part of the sale agreement and because Shark, Inc., intended to use the experience rating in their Fargo real estate operations. Job Service, however, granted Schneider's request for transfer of the rating.

█ Shark, Inc., subsequently requested and received an administrative hearing before Job Service on 24 June 1982. Shark, Inc., contended that "Shark's Men's Store" and "Shark Bros., Inc.," were not the same, that Shark, Inc., was the only legal entity that filed the quarterly employer's tax reports, paid the taxes, and established the experience rating over the years with Job Service. The only evidence Shark, Inc., made part of the hearing record, however, was a "Report to Determine Liability" and an "Application for Predecessor's Experience Rating Account," both filed by "Shark's, Inc.," in 1957, the year Shark, Inc., sought the Shark partnership experience rating. Shark, Inc., did not introduce any subsequent documents, such as quarterly employer's contribution reports, which might have substantiated its claim that the corporation established the experience rating.[2]

The record contains no evidence establishing that "Saul Shark dba Shark's Men's Store" was an employing unit or a legal entity. On this vital point the record is seriously lacking. Neither does the record disclose that Schneider received notice of the hearing.

At the conclusion of the hearing, Job Service affirmed its earlier decision. It found as follows:

> "Effective January 1, 1982, the entire retail clothing business at ... Minot ... known as 'Shark's,' 'Shark's Clothier's,' and 'Shark's Men's Store' was sold by Shark Brothers Inc. tʊ Anthony B. Schneider, as evidenced by the *Agreement For Sale of Business* and *Bill of*

**2.** In their brief to this Court, Shark, Inc., included copies of quarterly employer's contribution and wage reports for all of 1982 and the first three quarters of 1983. The reports were filed

by "Shark Bros., Inc." and list as few as two and as many as four employees. The reports, however, were not a part of the record and, therefore, may not be considered.

*Sale* contained in the record. Information in the *Agreement For Sale of Business* and *Bill of Sale* indicates that Anthony B. Schneider did acquire substantially all the organization, trade, business, and assets of Shark's Men's Store." The agency decision concluded that Shark, Inc., failed to show good cause why a transfer would have been inequitable.

Shark, Inc., appealed the agency's decision to the district court of Cass County. The district court affirmed Job Service's decision and Shark, Inc., appealed to this Court.

■ In an appeal of a district court's judgment involving an administrative agency's decision, we review the agency's decision and not the district court judgment. *Perske v. Job Service North Dakota,* 336 N.W.2d 146, 148 (N.D.1983).

On appeal to this Court Shark, Inc., raised several issues; however, the overriding issue is whether or not the agency's findings of fact are supported by the preponderance of the evidence and the appropriate law.

Our review of an administrative agency's decision or order is governed by North Dakota Century Code § 28–32–19. It, in pertinent part, provides as follows:

"... [T]he evidence considered by the court shall be confined to the record filed with the court.... After such hearing, the court shall affirm the decision of the agency unless it shall find that any of the following are present:

1. The decision or determination is not in accordance with the law.

2. The decision is in violation of the constitutional rights of the appellant.

3. Provisions of this chapter have not been complied with in the proceedings before the agency.

4. The rules of procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions and decisions of the agency are not supported by its findings of fact."

■ The preponderance of the evidence test has been described as being almost synonymous with the weight of the evidence test. *Power Fuels, Inc. v. Elkin,* 283 N.W.2d 214, 220 (N.D.1979). In determining if the preponderance of the evidence test has been met, we do not make independent findings of fact or substitute our judgment for that of the agency. We determine only if a reasoning mind could have reasonably determined that the factual conclusions reached were proved by the weight of the evidence. *Ibid.*

The decision of Job Service stated that "Information in the record indicates that Anthony B. Schneider, d.b.a. Schneider's Men's Store, is an employing unit which acquired substantially all of the organization, trade, business, or assets of Shark's Men's Store." Shark argued, as it did before Job Service, that Shark's Men's Store was not a legal entity or an employing unit whose experience rating may be acquired by a successor. An employing unit is defined, in pertinent part, in NDCC § 52–01–01(16) as:

"... any individual or type of individual including any partnership, association ... or corporation, whether domestic or foreign ... which has or subsequent to January 1, 1936, had one or more individuals performing services for it within the state and:

a. All individuals performing services within the state for any employing unit which maintains two or more separate establishments within this state shall be deemed to be performing services for a single employing unit for all the purposes of the North Dakota Unemployment Compensation Law."

■ The threshold determination affecting the validity of an experience rating transfer is whether or not the successor business acquired the predecessor business as an employing unit. Absent a determination that it did, further inquiry into other issues is unnecessary.

We agree with Shark, Inc., that a legal distinction exists between "Saul Shark dba Shark's Men's Store" and Shark · Brothers, Inc. The Minot Men's Store was owned and operated by the corporation. As such, the Minot store was one of the enterprises of the corporation operating under a trade name. It was Shark, Inc., not the Men's Store, that "maintain[ed] two or more separate establishments within [the] state." All persons employed·by such an entity are "deemed to be performing services for a single employing unit for all the purposes of the ... Unemployment Compensation Law."

The record discloses that Shark, Inc., filed the original required unemployment compensation documents with Job Service in 1957. Further, the record contains several Job Service interoffice memorandums and letters sent by Job Service to Shark, Inc., stating that they are in regard to "Shark Brothers, Inc., Account 012106." The letter dated 4 December 1981 stated that "Shark Brothers, Inc.," had an experience rating of 0.5%. Most significantly, the record made before the agency and certified to the Court does not disclose that "Saul Shark dba Shark's Men's Store" ever filed any reports with, or paid any unemployment taxes to, Job Service, or that it had any experience rating.

From the record before us we conclude that Shark, Inc., was the only legal entity mentioned in this opinion that had established an experience rating with Job Service. Shark's Men's Store [3] was a nonentity for purposes of being an employing unit. Schneider purchased Shark's Men's Store owned and operated by Shark, Inc. But Schneider did not purchase Shark, Inc. Thus, it was impossible for Schneider's Men's Store to succeed to an experience rating of a nonexisting entity.

The agency's conclusion that "Saul Shark dba Shark's Men's Store" was an employing unit within the meaning of NDCC § 52–01–01(16) is without any basis in fact or law. The agency decision transferring Shark, Inc.'s, experience rating to Schneider's Men's Store is reversed.

ERICKSTAD, C.J., and GIERKE, PEDERSON and VANDE WALLE, JJ., concur.

---

**3.** Even considering that the reference to Shark's Men's Store was a misnomer and the agency actually meant Shark Brothers, Inc., the record is devoid of any evidence to support a conclusion that Schneider's Men's Store succeeded to Shark Brothers, Inc., as an employing unit under NDCC § 52–04–08. The official record of the agency may contain the appropriate information with reference to the number of employees, reports made and taxes paid by Shark Bros., Inc. But the record of the hearing is devoid of this vital information.