Steven DODDS, Petitioner
and Appellant,

v.

NORTH DAKOTA STATE HIGHWAY
COMMISSIONER, Respondent
and Appellee.

Civ. No. 10623.

Supreme Court of North Dakota.

July 27, 1984.

**166**

Vinje Law Firm, Bismarck, for petitioner and appellant; argued by Ralph A. Vinje, Bismarck.

Robert E. Lane, Asst. Atty. Gen., North Dakota State Highway Dept., Bismarck, for respondent and appellee; argued by

Robert E. Lane, Asst. Atty. Gen., Bismarck.

ERICKSTAD, Chief Justice.

Steven J. Dodds appeals from a judgment entered by the District Court of Burleigh County on November 29, 1983, which affirmed an administrative decision suspending his driver's license pursuant to Section 39–20–04.1, N.D.C.C., for being in physical control of a vehicle while having a blood alcohol concentration of at least ten one-hundredths of one percent by weight.[1] We affirm.

1. The 1983 Legislative Assembly significantly broadened the scope of administrative proceedings under the Implied Consent Act, Chapter 39–20, N.D.C.C., by enacting an administrative penalty for driving or being in physical control of a vehicle while having a blood alcohol concentration of at least .10 percent by weight. Pertinent statutes include:

"*39–20–03.1. Action following test result or on refusing test for a resident operator.* If a person refused to submit to a test as provided under section 39–20–01 or 39–20–14, or if a person submits to a test under section 39–20–01, 39–20–02, or 39–20–03 and the test shows that person to have a blood alcohol concentration of at least ten one-hundredths of one percent by weight at the time of the performance of a chemical test within two hours after the driving, the following procedures apply:

"1. The law enforcement officer shall immediately take possession of the person's operator's license and shall immediately issue to that person a temporary operator's permit extending driving privileges for the next twenty days.... The temporary operator's permit serves as the department's official notification to the person of the department's intent to revoke, suspend, or deny driving privileges in this state.

\* \* \* \* \* \*

"3. The law enforcement officer, within five days of issuing the temporary operator's permit, shall forward to the commissioner a sworn report and the person's operator's license taken under subsection 1 or 2.... If the person was issued a temporary operator's permit because of the results of a test, the sworn report must show that the officer had reasonable grounds to believe the person had been driving or was in actual physical control of a motor vehicle while in violation of section 39–08–01, or equivalent ordinance, that the person was lawfully arrested, that the person was tested in accordance with section 39–20–01, 39–20–02, or 39–20–03, and that the test results of the test show that the person had a blood alcohol concentration of at least ten one-hundredths of one percent by weight."

"*39–20–04.1. Administrative penalty for driving or being in physical control of a vehicle while having certain blood alcohol concentration.*

"1. After the receipt of a person's operator's license, if taken under section 39–20–03.1 or 39–20–03.2, and the sworn report of a law enforcement officer and if no written request for hearing has been received from the arrested person under section 39–20–05, or if that hearing is requested and the findings, conclusion, and decision from the hearing confirm that the arrested person was driving or in physical control of a vehicle while having a blood alcohol concentration of at least ten one-hundredths of one percent by weight, the commissioner shall suspend the person's operator's license as follows:

a. For ninety days if the person was arrested for driving or being in actual physical control of a motor vehicle in violation of section 39–08–01 or equivalent ordinance and the person's driving record shows that, within the five years preceding the date of the arrest, the person has not previously violated section 39–08–01 or equivalent ordinance or the person's operator's license has not previously been suspended under this section."

b. For one year if the person was arrested for driving or being in actual physical control of a motor vehicle in violation of section 39–08–01 or equivalent ordinance and the person's driving record shows that, within the five years preceding the date of the arrest, the person has previously violated section 39–08–01 or equivalent ordinance or the person's operator's license has previously been suspended under this section."

"*39–20–05. Administrative hearing on request.*

"1. Before issuing an order of suspension, revocation, or denial under section 39–20–04 or section 39–20–04.1, the commissioner shall give the person a written notice of intention to revoke, suspend, or deny and afford that

On August 14, 1983, at approximately 1:38 a.m., Dodds was placed under arrest by Officer Richard L. Schaible of the Bismarck Police Department for being in actual physical control of a vehicle upon a highway while under the influence of intoxicating liquor. *See* § 39–08–01(2)(b), N.D.C.C. Dodds submitted to a test of his breath pursuant to Section 39–20–01, N.D.C.C., which, when administered at 2:25 a.m., showed that he had a blood alcohol concentration of .16 percent by weight. An administrative hearing was held on August 29, 1983, at the request of Dodds, following notification by the North Dakota State Highway Department of the department's intent to suspend Dodds' driving privileges.

The administrative hearing, civil in nature [*Asbridge v. North Dakota State Highway Commissioner*, 291 N.W.2d 739, 750 (N.D.1980)], is limited in scope by statute to cover only the following issues:

(1) "whether the arresting officer had reasonable grounds to believe the person had been driving or was in actual physical control of a vehicle in violation of 39–08–01 or equivalent ordinance;"

(2) "whether the person was placed under arrest;"

(3) "whether the person was tested in accordance with section 39–20–01 or 39–20–03 and, if applicable, section 39–20–02; and"

(4) "whether, based on a review of the test procedures and results, the person had a blood alcohol concentration of at least ten one-hundredths of one percent by weight." § 39–20–05(2), N.D.C.C.

After hearing the evidence presented, the administrative hearing officer, Mr. Breen Kennelly, made the following findings of fact, conclusions of law, and decision:

"*Findings of Fact:*

"Officer Schaible was called to a described vehicle that was parked with its engine running and Mr. Dodds was asleep at the wheel. There were open containers in the vehicle. When awakened, Officer Schaible detected a strong odor of alcohol on his breath and that his eyes were bloodshot. Mr. Dodds was given three balance and dexterity tests which he was unable to complete. Officer Schaible placed Mr. Dodds under arrest for being in actual physical control of a motor vehicle while under the influence of alcohol. He offered Mr. Dodds a chemical test which Mr. Dodds submitted to. It showed his blood contained over .10% blood alcohol content.

"*Conclusions of Law:*

"I find Officer Schaible had the grounds to believe Mr. Dodds was in control of his vehicle while under the influence of alcohol. I find Mr. Dodds was placed under arrest for actual physical control of a vehicle while under the influence of alcohol. I find Mr. Dodds was tested in accordance with section 39–20–01. I find after a review of the test procedures and results that Mr. Dodds had a blood alcohol content of .10% or more.

"*Decision Of Hearing Officer:* Suspend."

Dodds appealed the decision of the administrative hearing officer to the district court pursuant to Section 39–20–06, N.D.C.C.,[2] designating as error the admission at

person an opportunity for a hearing if the person mails a request for the hearing to the commissioner within five days after the issuance of the temporary operator's permit. The hearing must be held within twenty days after the date of issuance of the temporary operator's permit."

**2.** Section 39–20–06, N.D.C.C., reads:

"*39–20–06. Judicial review.* Any person aggrieved by the decision of the commissioner or a hearing officer under section 39–20–05 may, within seven days after the commission-

er mailed the notice of the decision, section 28–32–15 notwithstanding, serve on the commissioner and file a notice of appeal and specifications of error in the district court in the county where the alleged events occurred for which the demand for a test was made, or in the county in which the administrative hearing was held. The court shall set the matter for hearing, and the petitioner shall give twenty days' notice of the hearing to the commissioner and to the hearing officer who rendered the decision. The commissioner or the court may not thereupon stay the deci-

the hearing of the results of the chemical analysis "despite unrebutted expert testimony that the breathalyzer in question might well be subject to radio frequency interference." The expert testimony referred to by Dodds was that of Mr. Kenneth B. Vollmer, who testified concerning the alleged susceptibility of the Smith and Wesson Model 900A Breathalyzer, a breath alcohol testing device apparently in use by the Bismarck Police Department, to radio frequency interference.[3] The district court found that there existed sufficient evidence to warrant the conclusion reached by the hearing officer and affirmed the decision.

Dodds raises the following issue on appeal to this Court:

"Did the district court err in determining that the administrative hearing officer was correct in ignoring unrebutted expert testimony and proceeding as if it had never been offered?"

Dodds primarily objects to a statement made in the district court's opinion:

"Section 39–20–06 requires the court to affirm the commissioner's decision unless it finds the evidence insufficient to warrant the conclusion reached. In this case the Court concludes the evidence was sufficient. *The distinction is not whether the evidence was 'good enough' but whether there was enough evidence.*" [Emphasis added.]

 The above-emphasized language may have been the district's court's method of articulating its standard of review of the decision of an administrative hearing officer pursuant to Section 39–20–06, N.D.C.C.; nevertheless, it is not the function of this Court to review the district court's decision. In an appeal of a district court's judgment involving an order of suspension, revocation, or denial issued by the State Highway Commissioner under Section 39–20–04 or Section 39–20–04.1, N.D.C.C., the Administrative Agencies Practice Act, Chapter 28–32, N.D.C.C., applies [*see Hammeren v. North Dakota State Highway Commissioner*, 315 N.W.2d 679, 683 (N.D. 1982); *Asbridge v. North Dakota State Highway Com'r, supra*, 291 N.W.2d at 743; *Agnew v. Hjelle*, 216 N.W.2d 291, 294 (N.D.1974)]; therefore, in reviewing the evidence in this case, we look to the record compiled before the administrative agency and *not* to the findings of the district court. *Shark Brothers, Inc. v. Peterson*, 345 N.W.2d 376, 379 (N.D.1984); *Hammeren v. North Dakota State Highway Com'r, supra; Asbridge, supra.*

 Our role in reviewing the factual basis of an administrative decision is limited to a consideration of the following questions: "(1) Are the findings of fact supported by a preponderance of the evidence? (2) Are the conclusions of law sustained by the findings of fact? (3) Is the agency decision supported by the conclusions of law?" *Asbridge, supra.* This Court also considers whether the decision violates constitutional rights or is not in accordance

---

sion. Within fifteen days after receipt of the notice, the commissioner or the hearing officer who rendered the decision shall file in the office of the clerk of court to which the appeal is taken a certified transcript of the testimony and all other proceedings. It is the record on which appeal shall be determined. No additional evidence may be heard. The court shall affirm the decision of the commissioner or hearing officer unless it finds the evidence insufficient to warrant the conclusion reached by the commissioner or hearing officer. The court may direct that the matter be returned to the commissioner or hearing officer for rehearing and the presentation of additional evidence."

**3.** The administrative hearing for Dodds was apparently the second of two hearings scheduled consecutively for individuals represented by attorney Ralph A. Vinje. Mr. Vinje requested that Mr. Vollmer be required to testify only at the first administrative hearing and that his testimony "be applied" to Dodds' hearing. Mr. Vinje explained that both individuals were tested on the same breathalyzer "within a matter of a week or so from" each other. The administrative hearing officer granted the request.

A transcript of the testimony of Mr. Vollmer is not contained in the record on appeal in this case; however, the appellant has included in the appendix a copy of a partial transcript of the first administrative hearing which includes the testimony of Mr. Vollmer. The appellee's brief refers to the appendix in discussing Mr. Vollmer's testimony. No assertion is made that the transcript of Mr. Vollmer's testimony contained in the appendix is not what it purports to be.

with the law. *See* § 28–32–19, N.D.C.C.[4] We exercise restraint in reviewing the findings of an administrative agency; we do not substitute our judgment for that of the agency. *Asbridge, supra,* 291 N.W.2d at 744.

Dodds argues that the administrative hearing officer disregarded the expert testimony of Mr. Vollmer and "did not address the question of the possibility that the breathalyzer test was not fairly administered." The administrative hearing officer's conclusion, *i.e.,* "I find *after a review of the test procedures and results* that Mr. Dodds had a blood alcohol content of .10% or more," seems to imply that the hearing officer did, however, consider the expert testimony.

In *Gardebring v. Rizzo,* 269 N.W.2d 104, 109 (N.D.1978), a case involving parental visitation rights, the custodial parent asserted that it was improper for the trial court to arbitrarily disregard the uncontradicted and unimpeached opinion evidence of experts to the effect that a non-custodial parent should have no legally enforceable right of visitation. We said:

"The rule in North Dakota as to the effect to be given expert testimony is clear. The credibility of expert witnesses, and the weight to be given their testimony, are matters to be determined by the trier of facts. *Waagen v. R.J.B.,* 248 N.W.2d 815, 819 (N.D.1976); *Grabau v. Hartford Accident & Indemnity Co.,* 149 N.W.2d 361 (N.D.1967); *Fisher v.*

*Suko,* 111 N.W.2d 360, 363 (N.D.1961); *In re Heart River Irr. District,* 78 N.D. 302, 330, 49 N.W.2d 217, 232 (1951). We have also said that the trier of fact is not required to accept undisputed testimony, even of experts. *Waletzko v. Herdegen,* 226 N.W.2d 648, 653 (N.D.1975). Finally, in Syl. ¶ 2 of *In re A.N.,* 201 N.W.2d 118 (N.D.1972), we said:

'2. While expert opinions are helpful, the courts are not required to accept such opinions as being conclusive.'

These cases do not stand for the proposition, though, that the trier of fact can arbitrarily disregard the testimony of experts, or for that matter, the testimony of any witness."

*See also Stillwell v. Cincinnati Incorporated,* 336 N.W.2d 618, 621 (N.D.1983); *Cook v. Jacklitch & Sons, Inc.,* 315 N.W.2d 660, 663 (N.D.1982); *Svetenko v. Svetenko,* 306 N.W.2d 607, 610 (N.D.1981).

Mr. Vollmer testified that he has "been in electronics for about 20 years." The first four of those years were spent in the Air Force where he worked specifically with radio frequency interference problems. He testified that he now sells, repairs and programs computers, but has been in contact with radio frequency interference problems several times in dealing with computers and burglar alarm systems.

Mr. Vollmer testified that part of the circuitry of the Smith and Wesson Model 900A Breathalyzer, as "demonstrated through numerous tests done by people in

**4.** Section 28–32–19, N.D.C.C., reads in part:
"[T]he court shall affirm the decision of the agency unless it shall find that any of the following are present:
1. The decision or determination is not in accordance with the law.
2. The decision is in violation of the constitutional rights of the appellant.
3. Provisions of this chapter have not been complied with in the proceedings before the agency.
4. The rules or procedure of the agency have not afforded the appellant a fair hearing.
5. The findings of fact made by the agency are not supported by a preponderance of the evidence.
6. The conclusions and decision of the agency are not supported by its findings of fact."

Both the Administrative Agencies Practice Act [Section 28–32–15, N.D.C.C.], and the Implied Consent Act [Section 39–20–06, N.D.C.C.], require, in the taking of an appeal, the filing of a notice of appeal and specifications of error. We recently determined that on appeals of administrative agency decisions, courts may consider only those grounds specified pursuant to Section 28–32–15, and those grounds specified must come within the provisions of Section 28–32–19. *See Matter of Boschee,* 347 N.W.2d 331, 335 (N.D.1984). As earlier indicated in this opinion, the grounds on which Dodds appealed to the district court and on which he relies on in this appeal were specified pursuant to Section 39–20–06.

Rhode Island and by the National Bureau of Standards and other people," is susceptible to radio frequency interference which can cause inaccurate test results. He testified that the device "could be susceptible to any of a vast number of frequencies" through a ten-to-twenty second period during the course of the chemical analysis of the breath sample, and discussed a method by which the testing device could be screened from such interference. Vollmer could only speculate, however, as to possible sources of radio frequency interference in the Bismarck area, such as airplanes, helicopters, radio stations, etc. When asked whether the Model 900A Breathalyzer in use by the Bismarck Police Department had been tested for radio frequency interference, Mr. Vollmer responded: "The one at the police station? The only test results I saw was the ones from the sheriff's department, I think." Vollmer also testified that he was aware that field inspectors of breath testing equipment—appointed, trained, certified, and supervised by the state toxicologist [§ 39-20-07(6), N.D.C.C.]—tested breathalyzers to determine their susceptibility to radio frequency interference from police transmitters.

Dodds' attorney stipulated to the admissibility of certified copies of records filed by the state toxicologist with the clerk of the district court relating to the approval of devices and methods, and the certification of test operators. Such records, in the trial of any civil or criminal action or proceeding arising out of acts alleged to have been committed by any person while in actual physical control of a motor vehicle while under the influence of intoxicating liquor, "must be admitted as prima facie evidence of the matters stated in the records" to prove that the breathalyzer test was fairly administered. § 39-20-07, N.D. C.C.; *State v. Puhr*, 316 N.W.2d 75, 77

(N.D.1982); *State v. Schneider*, 270 N.W.2d 787, 791 (N.D.1978).

The weakness or non-existence of a basis for an expert's opinion goes to the expert's credibility, which is a matter for the trier of fact. *See Smith v. American Family Mutual Insurance Company*, 294 N.W.2d 751, 763 (N.D.1980); *Feuerherm v. Ertelt*, 286 N.W.2d 509, 513 (N.D.1979); *Gardebring v. Rizzo, supra*. In this case, the administrative hearing officer was the trier of fact with the responsibility for determining the credibility of the witnesses, the weight to be accorded their testimony, and for determining, based on a preponderance of the evidence (including a review of the test procedures and results), whether Dodds was operating a motor vehicle while having a blood alcohol concentration of at least .10 percent by weight. In our view, the general nature of Mr. Vollmer's testimony merely raised the possibility that the breath testing device utilized in this case might have been or may be susceptible to radio frequency interference. We cannot conclude that the hearing officer arbitrarily disregarded the expert testimony.

After reviewing the record, we conclude that the administrative hearing officer's findings of fact are supported by a preponderance of the evidence; that the conclusions of law are sustained by the findings of fact; and that the agency's decision is supported by the conclusions of law.

The judgment is affirmed.

VANDE WALLE, PEDERSON, GIERKE and SAND, JJ., concur.