David M. CUNNINGHAM, Appellant,

v.

YELLOWSTONE PUBLIC SCHOOL
DISTRICT NO. 14, Appellee.

Civ. No. 10694.

Supreme Court of North Dakota.

Nov. 28, 1984.

Thomas K. Schoppert, New Town, for appellant.

Dean F. Bard, Bismarck, for appellee.

SAND, Justice.

David M. Cunningham (Cunningham) appealed a McKenzie County district court judgment which affirmed Yellowstone Public School District No. 14 (school district) school board's (school board) decision to terminate his employment with the school district.

Cunningham contracted with the school district to serve as principal for the East Fairview Elementary School for a one-year term from 24 August 1981 until 24 June 1982. In February 1982, while serving as principal, Cunningham and the school district executed a further employment contract for Cunningham to serve as superintendent for the school district for a three-year term commencing 1 July 1982.

Shortly after Cunningham had executed his contract to be superintendent numerous conflicts surfaced between himself and various teachers at the Fairview school. Although a procedure existed for teachers to

submit grievances to the principal, and then to the school board, the teachers did not follow this procedure. Instead, various teachers informally apprised school board members of their dissatisfaction with Cunningham as principal. The school board on 9 June 1982 responded to these complaints by notifying Cunningham it was contemplating discharging him as principal and abrogating his executory contract to be superintendent. The school board alleged Cunningham failed without justifiable cause to perform contractual duties and was unable to work toward common educational goals with the school district's teachers and school board members.

■ A hearing was held pursuant to North Dakota Century Code § 15–47–38 where evidence was introduced and witnesses testified on behalf of both the school board and Cunningham. Following the hearing the school board made findings of facts and conclusions of law that Cunningham had failed without justifiable cause to perform his contract duties and voted to discharge Cunningham as principal and abrogate his contract to be superintendent.[1] Cunningham appealed this decision to the district court which affirmed the school board. Cunningham then appealed to this Court.

Cunningham and the school district executed two separate and distinct contracts: Cunningham's contract to be principal between 24 August 1981 and 24 June 1982 and the three-year executory contract to be superintendent beginning 1 July 1982.

■ These two separate contracts have been given different statutory statutes and therefore must be considered disjunctively. NDCC § 15–47–38 governs the mandatory procedure whenever a school board contemplates discharging a principal but § 15–47–38 is not applicable to the discharge of a superintendent.[2] *Storbeck v. Oriska School District No. 13*, 277 N.W.2d 130, 132 (N.D.1979); § 15–47–26. Consequently, the school board's termination of Cunningham's contract to be principal had to be in accord with § 15–47–38 while its actions concerning the superintendent contract did not.

■ NDCC § 15–47–38(2) provides that the standard of review set out in NDCC § 28–32–19 applies to procedures involving the discharge of a teacher for cause prior to the expiration of the term. However, we express no opinion whether or not § 28–32–19 applies to nonrenewal procedures under § 15–47–38(5). Section 28–32–19 in substance provides that the court shall affirm the school district's decision unless its findings of facts are not supported by a preponderance of the evidence, its conclusions of law are not supported by its findings of fact, or its decision is not supported by its conclusions of law.[3] *Dodds v. North Dakota State Highway Commissioner*, 354 N.W.2d 165, 168 (N.D. 1984); *Edmore Public School District No. 2 v. State Board of Public School Education*, 326 N.W.2d 81, 83 (N.D.1982). When using this standard of review we exercise restraint and will not substitute our considered judgment for that of the school board. *Dodds*, supra at 169.

Cunningham argued the school board's findings of fact and conclusions of law failed to support its decision to discharge him as principal and therefore was not in accord with NDCC § 15–47–38.

1. An issue not raised was that the school board's findings of fact, conclusions of law and decision was not signed by any members of the school board but by its counsel. It is axiomatic that the school board is the only proper party to sign its findings, conclusions and decision.

2. These proceedings were conducted under NDCC § 15–47–38 in effect in 1982 and thus prior to the amendments by the 1983 Legislature. See N.D.S.L.1983, Ch. 230 § 4; 1983, Ch. 232 § 1.

3. The school district's decision must also have been in accordance with the law, cannot have violated Cunningham's constitutional rights, must have complied with those sections of Ch. 28–32 delineated in § 15–47–38, and afforded Cunningham a fair hearing. NDCC § 28–32–19. However, because none of these issues were raised they will be given no consideration.

Specifically, Cunningham contended the school board failed to give serious consideration, as required by § 15–47–38(1), to the possible damage to his professional stature and reputation which could result from his being discharged as principal. Furthermore, Cunningham claimed the school board's decision was not made with "consideration and dignity, giving the maximum consideration to basic fairness and decency." NDCC § 15–47–38(1).

In support of this argument Cunningham cited *Baker v. Minot Public School District No. 1*, 253 N.W.2d 444 (N.D.1977), where we held the Minot school board acted unreasonably and arbitrarily in failing to renew a teacher's contract. However, the facts in *Baker* are clearly distinguishable from the present case. In *Baker* the record was void of any evidence the Minot school board considered the effect that nonrenewal would have upon Baker's professional status and reputation. Here, the school board was apprized at the beginning of the hearing of the need to consider the impact of its decision on Cunningham's career and was again reminded of this matter at the hearing's close. We do not substitute our judgment for that of the school board, *Dodds, supra* at 169, and in view of the record cannot conclude the school board did not consider the implications of its decision to discharge Cunningham on his professional standing. See *Dobervich v. Central Cass Public School District No. 17*, 302 N.W.2d 745 (N.D.1981); *Rolland v. Grand Forks Public School District No. 1*, 279 N.W.2d 889, 896 (N.D.1979).

■ The fact the school board made no specific finding of fact that it considered the effect on Cunningham of its action is not crucial. A mere statement on the record that the school board considered this is neither decisive or indicative of whether or not the school board gave it due deliberation. *Dobervich v. Central Cass Public School District, supra* at 753.

■ Cunningham additionally asserted the school board did not give him the maximum consideration to basic fairness and decency because it failed to notify him he was not performing his contractual duties until its formal notice on 9 June 1982. However, there is no obligation for prior notice for dismissal pursuant to § 15–47–38(3)(c), the section under which Cunningham was discharged. Cunningham's attempt to invoke the reasonable written notice requirement of § 15–47–38(3)(d) is unconvincing and without merit.

■ Cunningham next contended there was no evidence to support the school board's finding of fact that he had failed without justifiable cause to perform his contractual duties, one of the statutorily defined causes for discharging a principal. § 15–47–38(3)(c). The school board found as a matter of fact that Cunningham was unable to work together with teachers in providing an appropriate educational climate. The school board heard testimony from numerous teachers concerning the conflicts which had surfaced between Cunningham and the teaching staff. Based upon this testimony the school board found that it would "not be reasonably possible for many of its certified teachers to work toward common educational goals under the leadership of [Cunningham] because of his tendency to pit one teacher against another, his inability to communicate with teachers in an effective manner, and his outbursts of temper which have generally caused staff members to be afraid of him."

Again, we will not second-guess the school board's judgment but instead conclude a preponderance of the evidence supports the school board's decision that Cunningham had failed without justifiable cause to perform his contractual duties.

■ In a related issue Cunningham claimed the teachers failed to comply with the grievance procedure incorporated into their employment contracts. The grievance procedure required a teacher to initially discuss any grievances with the principal and failure to do so prevented the subsequent filing of a formal grievance with the school board. Because the teachers who testified against Cunningham at the hearing had failed to follow the grievance pro-

cedure, Cunningham asserted their testimony should be disregarded. Cunningham claimed he could invoke the grievance provision of the teachers' contract in his behalf because he was a third-party beneficiary of their employment contracts. Cunningham cited no authority to support this assertion and we find it without merit.

The ability of a third party to enforce a contract is governed by NDCC § 9–02–04, which provides:

"A contract made expressly for the benefit of a third person may be enforced by him at any time before the parties thereto rescind it."

The requisites to enforcement of a contract by third-party beneficiary were delineated in *O'Connell v. Entertainment Enterprises*, 317 N.W.2d 385 (N.D.1982): the mere fact that one not a party to an agreement may be benefited by its performance does not bring him into contractual relations with the promissor in the agreement. He must have been the party intended to be benefited by the promise, and there must have existed at the time thereof such an obligation on the part of the promissor toward the third person that gives him at least an equitable right to the benefits of the promise. 317 N.W.2d at 387.

Here, assuming Cunningham was the beneficiary of the grievance procedures in the teachers' contracts, he was certainly no more than an incidental one and therefore cannot be considered a third-party beneficiary. See *Farmers State Bank of Gladstone v. Anton*, 51 N.D. 202, 199 N.W. 582 (1924).

Furthermore, it was unrealistic to expect the teachers to use the grievance procedure to lodge their complaints against Cunningham because the grievance procedure caused him to be both the subject of the grievance and the school official with the initial responsibility to hear all grievances. It is understandable the teachers bypassed Cunningham and the grievance procedure.

 Another contention raised by Cunningham is that the school board disregarded all evidence given in his behalf. In support of this assertion Cunningham cited *Claim of Bromley*, 304 N.W.2d 412 (N.D. 1981). Again, *Bromley* is clearly distinguishable from the facts of this case. In *Bromley* the North Dakota Workmen's Compensation Bureau selected only favorable items or parts of a medical report and disregarded those items of the same medical report which were inconsistent with its decision. In this instance the school board received testimony in support of Cunningham from eight witnesses and Cunningham has not demonstrated the school board disregarded this evidence in any way other than by the fact that it ruled against him. The school board received conflicting evidence presented by both parties. This was in accordance with the adversary process under which the school board had ultimate responsibility to decide for or against Cunningham based upon the evidence it deemed most probative, credible, and convincing. Merely because the school board did not adopt Cunningham's version of the facts does not mean it disregarded them.

We affirm the school board's decision to discharge Cunningham as principal of the Fairview Elementary School.

 As earlier stated, Cunningham's executory contract to be superintendent has different status from his contract to be principal and therefore must be treated differently. Contrary to Cunningham's contract to be principal, his superintendent's contract does not come under the purview of NDCC § 15–47–38. See NDCC § 15–47–26. While before being discharged as principal Cunningham was entitled to notice and a hearing, there are no such similar statutory requirements for the abrogation of his superintendent's contract. The parties and the district court treated both contracts as if governed by § 15–47–38. Consequently, Cunningham appealed both the school board's decision to discharge him as principal and to abrogate his superintendent's contract to the district court, which then affirmed the school board's decision to abrogate a superintendent's contract. NDCC § 15–47–38 applies to teachers and principals, but not to superintendents. Sec-

tion 15–47–26 defines "teachers" to include superintendents under §§ 15–47–27 and 15–47–28, but not under § 15–47–38, which puts into operation various provisions of Ch. 28–32. Consequently, Ch. 28–32 does not apply.[4] See *Knoefler Honey Farms v. Just,* 270 N.W.2d 354, 356–7 (N.D.1978).

 Therefore, the district court was without subject matter jurisdiction to affirm the school board's decision and therefore its judgment concerning the superintendent's contract is void. *Sturdevant v. SAE Warehouse, Inc.,* 270 N.W.2d 794, 798 (N.D.1978); *Knoefler Honey Farms, supra* at 358. Consequently, this Court does not have subject matter jurisdiction over the appeal from the district court. *Sturdevant, supra.* Simply because the parties impliedly consented to the district court's jurisdiction does not confer such jurisdiction on the court. *State v. Tinsley,* 325 N.W.2d 177, 179 (N.D.1981). Although this issue was not addressed by the parties this court must raise jurisdictional issues on its own motion whenever such an issue appears on the record, as it did here. *State v. Sadowski,* 329 N.W.2d 583, 587 (N.D.1983).

Accordingly, we affirm that part of the district court's judgment which affirmed the school board's decision to terminate Cunningham's contract to be principal and dismiss for lack of jurisdiction that part of this appeal from the district court's judgment concerning Cunningham's contract to be superintendent.

ERICKSTAD, C.J., and GIERKE, PEDERSON and VANDE WALLE, JJ., concur.

---

**4.** Cunningham's proper course of action concerning the abrogation of his superintendent's contract would have been to bring a breach of contract action against the school district in district court. However, we must acknowledge that the evidence presented at the school board hearing if presented to a court of law would most likely sustain the school district's abrogation of Cunningham's superintendent's contract.