**Richard Allen DAHLEN, Plaintiff and Appellant,**

v.

**Rosella Ann DAHLEN (Young), Defendant and Appellee.**

Civ. No. 11,134.

Supreme Court of North Dakota.

Sept. 30, 1986.

Henry H. Howe, of Howe & Seaworth, Grand Forks, for plaintiff and appellant.

Gordon Caldis, of Caldis, Arneson & Tingum, Ltd., Grand Forks, for defendant and appellee.

VANDE WALLE, Justice.

Richard Dahlen appealed from an order of the district court of Grand Forks County which denied Richard's motion for a change of custody. We hold that the trial court was without jurisdiction to consider the motion and we vacate the order denying the motion for change of custody and remand with directions.

On August 24, 1982, a judgment was entered in the district court awarding custody of the parties' four children to Rosella Dahlen, subject to reasonable visitation by Richard. In a May 26, 1983, agreement, Richard consented to Rosella and the children's moving out of North Dakota. In June of 1983, Rosella and the four children and Rosella's new husband, Larry Young, moved to Barstow, California. They have resided in Barstow since that time, except when the children visited Richard. In June of 1984, Richard and his new wife, Lynn, moved to Thief River Falls, Minnesota. They have resided in Thief River Falls since that time.

On August 14, 1985, Richard made an ex parte motion for temporary custody of the children based on a claim of physical abuse. The court ordered that temporary custody be awarded to Richard pending the formal hearing on Richard's motion.

In Rosella's response to the motion she asked that the court decline jurisdiction pursuant to several sections of the Uniform Child Custody Jurisdiction Act (UCCJA) contained in the North Dakota Century Code. The court denied Rosella's motion that it decline jurisdiction, stating that it had jurisdiction under the terms and provisions of the original decree which had been entered in North Dakota, and under the provisions of Section 14–05–22,[1] and that

---

1. Section 14–05–22, N.D.C.C., provides that the trial court may modify its custody determination in accordance with the provisions of Chapter 14–09, N.D.C.C., which sets forth the factors to be used in determining the best interests of the children. This section gives the trial court the continuing power to modify a custody decree, as opposed to the general rule that a final judgment may not be modified. If the provision in the divorce decree means anything more than that a custody decree is not final and may be modified upon a sufficient showing of

there would be no undue prejudice to Rosella if the court assumed jurisdiction.

The court held a hearing and issued its order denying Richard's motion for a change in custody. The court further ordered that the children be returned to Rosella on December 29, 1985.[2]

On December 26, 1985, Richard filed a notice of appeal of the trial court's order. Richard presents two issues on appeal:

1. Whether the action of the district court in arbitrarily disregarding the testimony of the expert witnesses was clearly erroneous and was not protective of the best interests of the Dahlen girls.

2. Whether the court's conclusion that there had not been a change of circumstances was clearly erroneous and failed to protect the best interests of the Dahlen girls.

■ While neither party has raised the issue of the trial court's jurisdiction, it is the duty of this court to raise jurisdictional issues on its own whenever such an issue appears on the record, even though the issue is not raised by the parties. *Cunningham v. Yellowstone Public Sch. Dist.*, 357 N.W.2d 483 (N.D.1984).

■ If the district court was without jurisdiction to modify the custody decree, any judgment concerning Richard's motion to modify is void. *Cunningham v. Yellowstone Public Sch. Dist., supra; Sturdevant v. SAE Warehouse, Inc.*, 270 N.W.2d 794 (N.D.1978). In turn, this court would not have subject-matter jurisdiction over the appeal from the district court order. Regardless of the jurisdiction of the trial court, we retain the right to consider juris-

dictional issues, whether raised on appeal or not. *Cunningham, supra; Sturdevant, supra.* Because of the peculiar facts of this case, wherein at the time of Richard's motion Rosella and the children were living in California and Richard was living in Minnesota, we look to the issue of whether or not the district court had jurisdiction to modify the August 24, 1982, judgment.[3]

Because this case involves an interstate custody dispute, the Parental Kidnapping Prevention Act (PKPA) [28 U.S.C. § 1738A] and the UCCJA [Chapter 14–14, N.D.C.C.] apply. *Dennis v. Dennis*, 366 N.W.2d 474 (N.D.1985). See also *Applegate v. Gant*, 460 So.2d 1293 (Ala.Civ.App. 1984); *Walsh v. Walsh*, 117 Misc.2d 815, 458 N.Y.S.2d 835 (Sup.Ct.1983); *Mebert v. Mebert*, 111 Misc.2d 500, 444 N.Y.S.2d 834 (Fam.Ct.1981). Before a court can proceed to the merits of an interstate custody dispute, it must first determine whether it has jurisdiction pursuant to the PKPA and UCCJA.

■ Because the PKPA is Federal legislation, the PKPA provisions will govern if State law (UCCJA) conflicts with it. *Blanton v. Blanton*, 463 So.2d 162 (Ala.1985); *Arbogast v. Arbogast*, 327 S.E.2d 675 (W.Va.1984); *Mebert, supra.* The applicable provisions of the PKPA are contained in subsection (d) of 28 U.S.C. § 1738A, which deals with continuing jurisdiction, and provides:

"(d) The jurisdiction of a court of a State which has made a child custody determination consistently with the provisions of this section continues as long as the requirement of subsection (c)(1) of this section contin-

changed circumstances, it is contrary to the provisions of the PKPA and the UCCJA, and could not vest the court with jurisdiction.

**2.** Richard refused to return the children to Rosella, and was found in contempt by the district court. Richard appealed, and the contempt order was vacated in *Dahlen v. Dahlen*, —— N.W.2d —— (N.D.1986).

**3.** Potential problems due to a lack of jurisdiction would have been much more noticeable if the provisions of the UCCJA had been complied

with. Subsection 14–14–09(1), N.D.C.C., provides:

"1. Every party in a custody proceeding in his first pleading or in an affidavit attached to that pleading *shall give* information under oath as to the child's present address, the places where the child has lived within the last five years, and the names and addresses of the persons with whom the child has lived during that period." [Emphasis added.]

ues to be met and such State remains the residence of the child or of any contestant."

Subsection (d) basically sets forth three criteria, all of which must be met, for a court to retain jurisdiction.[4] The three criteria are:

1. That the original custody determination was entered consistently with the provisions of the PKPA.

2. That the requirement of subsection (c)(1) continues to be met.

3. That the State remains the residence of the children or of any contestant.

At the time of the original custody determination, both Richard and Rosella, as well as all four children, were living in Grand Forks County. At that time, North Dakota was the home State of the children, and the requirements of both the PKPA and UCCJA were met. Therefore, when the initial custody determination was issued, the jurisdictional requirements of the PKPA were clearly met.

The second criterion of the PKPA is that the requirement of subsection (c)(1) continues to be met. Subsection (c)(1) of the PKPA provides:

"(c) A child custody determination made by a court of a State is consistent with the provisions of this section only if—
"(1) such court has jurisdiction under the law of such State; ..."
28 U.S.C. § 1738A(c)(1).

While it is true that a court retains jurisdiction to modify a custody determination pursuant to Section 14–05–22, N.D.C.C., that does not necessarily mean that the court retains jurisdiction in all situations. To maintain jurisdiction, the court must determine whether or not the requirements of the PKPA and UCCJA have been met.

■ The third criterion of subsection (d) of the PKPA is that a State must remain the residence of the children or one of the contestants to have continuing jurisdiction.[5] It is undisputed that neither the children nor the contestants (Richard and Rosella) resided in North Dakota. At the time of Richard's motion to modify custody, the children and Rosella were residents of Barstow, California, and had been living there for over two years. The children were visiting Richard, at the time of his motion, in Thief River Falls, Minnesota, where he had been living for at least 14 months. North Dakota no longer was the residence of any of the participants in this dispute.

4. The trial court did not base its jurisdictional ruling on the PKPA and UCCJA provisions regarding abuse. However, even if the court had, our ruling would not change. The PKPA provisions relating to abuse provide:
"(c) A child custody determination made by a court of a State is consistent with the provisions of this section only if—
"(1) such court has jurisdiction under the law of such State; and
· · · · ·
"(C) the child is *physically present* in such State and ... it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse." [Emphasis added.]
28 U.S.C. § 1738A.
The applicable State law (UCCJA) has a very similar provision which states:
"1. A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial decree or modification decree if:
· · · · ·
"c. The child is *physically present* in this state and ... it is necessary in an emergency to protect the child because he has been sub-

jected to or threatened with mistreatment or abuse or is otherwise neglected, dependent, or deprived; ..." [Emphasis added.]
Section 14–04–03, N.D.C.C.
Under both statutes the court has jurisdiction to modify custody if the child is *physically present in the State*. It does not appear from the record that the children were present in North Dakota when Richard moved for modification of custody. Richard resided in Thief River Falls, Minnesota, and it is logical to assume that the children were there. Thus, even though Richard claimed that the children were being abused, the proper forum would have been Minnesota, since the children were in Thief River Falls. In fact, Richard later brought such a motion based on alleged abuse in a Minnesota court. The motion was denied.

5. Although we believe the third requirement of subsection (d) of 28 U.S.C. § 1738A, the PKPA, is dispositive of the jurisdictional issue, we would have reached the same result had we proceeded under the UCCJA jurisdictional provision contained in Section 14–14–03, N.D.C.C.

Therefore, pursuant to the continuing-jurisdiction provisions of the PKPA, North Dakota no longer had jurisdiction to modify the custody decree. The district court could not have granted Richard's motion to modify custody because it had no jurisdiction to do so.

We vacate the order denying, on the merits, the motion to modify and remand with directions that the trial court enter an order denying the motion for lack of jurisdiction.

ERICKSTAD, C.J., and LEVINE, MESCHKE and GIERKE, JJ., concur.