**RELIABLE INCORPORATED, Appellant,**

v.

**STUTSMAN COUNTY COMMISSION, Appellee.**

Civ. No. 870026.

Supreme Court of North Dakota.

July 28, 1987.

Mackenzie, Jungroth, Mackenzie & Reisnour, Jamestown, for appellant; argued by James R. Jungroth.

Wendy P. Schulz, State's Atty., Jamestown, for appellee.

LEVINE, Justice.

Reliable Incorporated appeals from a judgment of the district court dismissing its appeal from a decision of the Stutsman County Commission. We reject Reliable's argument that the Commission's appearance in the action waived any jurisdictional defect. Accordingly, we affirm the district court's dismissal of the appeal on the ground that it lacked subject matter jurisdiction.

On February 4, 1986, the Stutsman County Board of County Commissioners (hereinafter the Commission) heard and denied Reliable's request for a tax abatement.

Subsequently, Reliable left a copy of a letter, dated March 3, 1986, with a deputy auditor of Stutsman County. Addressed to the chairman of the Stutsman County Commission and the North Dakota State Tax Commissioner, the letter stated that Reliable was appealing the decision of the Commission. On March 4, 1986, the Stutsman County State's Attorney corresponded with the Stutsman County Auditor, with a copy to Reliable, stating: "You have received what is to be construed a notice of appeal...."

On July 31, 1986, the State's Attorney filed a certificate of nonreadiness. The issue of jurisdiction was raised for the first time on October 17, 1986, in a trial brief submitted by the State's Attorney. On October 23, 1986, the State's Attorney moved for dismissal of the appeal for failure to serve notice of appeal on a member of the board of county commissioners as required by North Dakota Century Code § 11-11-41. The district court granted the motion to dismiss, concluding that the letter from the State's Attorney to the County Auditor did not constitute an admission of service and that the State's Attorney did not waive objection to the court's jurisdiction by filing a certificate of nonreadiness, a trial memorandum and a trial brief. Reliable appealed.

The issue before us is whether the district court erred in dismissing Reliable's appeal on the ground that it lacked jurisdiction.

A decision by the board of county commissioners regarding the abatement of taxes may be appealed by an aggrieved person in the manner provided by law. *See* NDCC § 57-23-03. Section 11-11-41, NDCC, provides the "manner" for an appeal:

"An appeal from a decision of the board of county commissioners must be taken within thirty days after the decision of the board by serving a written notice of appeal upon one member of the board. If the decision from which an appeal is taken relates to tax refunds, tax abatements, or other matters relating to taxation, a notice of appeal also shall be served by registered or certified

mail upon the state tax commissioner...."

Reliable concedes that service was not made on a member of the board of county commissioners. However, Reliable argues that documents prepared by the State's Attorney, including the letter written to the county auditor and the certificate of non-readiness filed with the district court, constitute an appearance in the action, thereby waiving any jurisdictional defects. In support of its argument, Reliable relies upon a statement made in *Farrington v. Swenson*, 210 N.W.2d 82, 85 (N.D.1973), where we held that service on the county auditor was not service on a member of the board of county commissioners; and that, accordingly, any judgment against the County was null and void for lack of jurisdiction. We also stated: "Had the County appeared or answered, the jurisdictional defect may have been corrected, but the county did not appear or answer." *Farrington v. Swenson, supra.* Reliable argues that because the Commission appeared in this case, the jurisdictional defect caused by the improper service of the notice of appeal was corrected and thus the district court erred in dismissing the appeal for lack of jurisdiction.

The flaw in Reliable's argument is its failure to distinguish between personal jurisdiction and subject matter jurisdiction. The case law cited by Reliable involved personal jurisdiction in an original proceeding, not the subject matter jurisdiction of an appeal. The distinction is important because the right to object to personal jurisdiction may be waived by making a general appearance, *Wallwork Lease & Rental Co., Inc. v. Schermerhorn*, 398 N.W.2d 127, 129 (N.D.1986); whereas subject matter jurisdiction cannot be conferred by agreement, consent, or waiver. *Cunningham v. Yellowstone Public School District No. 14*, 357 N.W.2d 483, 488 (N.D.1984); *State v. Tinsley*, 325 N.W.2d 177, 179 (N.D. 1982); *Bryan v. Miller*, 73 N.D. 487, 16 N.W.2d 275, 282 (1944).

Jurisdiction over the subject matter and jurisdiction over the parties are essential for a court to properly act in a case. *See generally*, 20 Am.Jur.2d Courts § 105 (1965). A court has subject matter jurisdiction if it has the authority, under the constitution and laws, to hear and determine cases of the general class to which the particular action belongs. *Bryan v. Miller, supra; Schillerstrom v. Schillerstrom*, 75 N.D. 667, 32 N.W.2d 106, 1222 (1948). The source and the limits of subject matter jurisdiction are derived from the constitution and cannot be conferred by consent of the parties. *Bryan v. Miller, supra; Schillerstrom v. Schillerstrom, supra.* If the law gives the court jurisdiction of the subject matter, jurisdiction of the parties may be conferred by consent. *Bryan v. Miller, supra*, 16 N.W.2d at 283.

In this case Reliable is attempting to invoke the appellate jurisdiction of the district court. Under Article VI, § 8, of the North Dakota Constitution, the district court has "such appellate jurisdiction as may be provided by law or by rule of the supreme court." The right to appeal from a decision of the board of county commissioners is provided by NDCC § 11-11-41, which requires that the appeal be taken by service of a written notice of appeal upon one member of the board of county commissioners. *Spletto v. Board of County Commissioner, Stark County*, 310 N.W.2d 726, 729 (N.D.1981).

In order for subject matter jurisdiction to attach, the particular issue to be determined must be properly brought before the court in the particular proceeding. *King v. Menz*, 75 N.W.2d 516, 521 (N.D.1956). Accordingly, in order for a court to have subject matter jurisdiction over an appeal, the appellant must meet the statutory requirements for perfecting the appeal. *See Matter of Estate of Bieber*, 256 N.W.2d 879, 882 (N.D.1977) ("Unless the statutory requirements as to service of notice of appeal, and timely filing of proofs of service, are complied with, the district court acquires no jurisdiction."); *Indianhead Truck Line, Inc. v. Thompson*, 142 N.W.2d 138, 140 (N.D.1966) (failure to file proofs of service within the statutory 30-day period held fatal to an appeal from a decision of the Public Service Commission); *State v. Higgins*, 145 N.W.2d 478, 481 (N.D.1966)

(defendant's failure to service notice of appeal held fatal to the appeal); *Reub's Minot Camera, Inc. v. General Electric Credit Corp.*, 201 N.W.2d 877, 880 (N.D. 1972) (absence of proof of service of a notice of appeal in the record conferred no jurisdiction upon the Supreme Court thereby warranting dismissal of the appeal).

Because Reliable failed to perfect its appeal by serving a member of the board of county commissioners as required by NDCC § 11–11–41, the district court did not acquire subject matter jurisdiction over the appeal. Accordingly, we affirm the judgment of dismissal.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, JJ., concur.