OPINION OF THE COURT
James F. X. Doyle, J.
On July 29, 1985 petitioner and respondent were granted a final divorce in Suffolk County. The judgment provided, inter alia, that they were to have joint custody of their son, Ricardo *835 Caronna, Jr., but that respondent was to have physical custody, subject to petitioner’s rights of visitation, which were specifically enumerated.
In October 1985 petitioner was convicted of manslaughter, second degree, in connection with an automobile accident and sentenced to the Bedford Hills Correctional Facility for a period of 1 year and 9 months.
In February of 1986 the respondent father, with Ricardo, Jr., relocated to the State of Florida and has remained there. On January 13, 1988 the petitioner commenced the instant proceeding seeking, inter alia, to enforce the visitation as provided in the divorce judgment or, alternatively, return of the child to Suffolk County.
Respondent father moved to dismiss for lack of subject matter jurisdiction pursuant to the Uniform Child Custody Jurisdiction Act (UCCJA) (Domestic Relations Law § 75-a et seq.) and the Federal Parental Kidnaping Prevention Act (PKPA) (28 USC § 1738A). Subsequently, respondent commenced an action in the Circuit Court of Broward County, Florida, apparently to enjoin the Family Court from determining this custody dispute.
ISSUE
The paramount issue before this court is whether New York or Florida is the more appropriate forum to litigate this interstate child custody dispute.
THE LAW
To resolve the jurisdictional issue, the interaction between applicable local State law (Domestic Relations Law § 75-d) and Federal law (28 USC § 1738A) must be analyzed. Comparison indicates that there are similarities in the two statutes but also reflects that there are significant differences between the two acts. Where there is a disparity between State and Federal law, the Federal law must be accorded priority pursuant to the Supremacy Clause of the US Constitution which preempts State law. (Enslein v Enslein, 112 AD2d 973 [2d Dept 1985].)
The UCCJA requires the existence of one of several coequal predicates for a court to obtain appropriate jurisdiction over contestants. (See, UCCJA § 1 [a]; Domestic Relations Law § 75-d [1] [a]-[d].) The first of these coequal predicates on which to *836 base jurisdiction to make an initial or modification decree is the "home State” of the child. (Domestic Relations Law § 75-d [1] [a].) Home State, as defined in Domestic Relations Law § 75-c (5), is the State in which the child has lived with a parent for six consecutive months immediately preceding commencement of the custody proceeding.
Domestic Relations Law § 75-d (1) (b) provides for jurisdiction if there is no home State or as an alternative to home State jurisdiction. Under this subdivision, the court may assume jurisdiction if it’s in the best interest of the child based upon a significant connection with the State coupled with availability in that State of substantial evidence concerning the custody of the child. Further, Domestic Relations Law § 75-d (1) (c) provides for jurisdiction where a child is physically present in this State and (i) the child has been abandoned or (ii) it is necessary in an emergency to protect the child and paragraph (d) provides for jurisdiction when it appears that no other State would have jurisdiction under paragraph (a), (b) or (c) or another State has declined to exercise jurisdiction.
While the PKPA contains essentially the identical four grounds they are not afforded equal weight as they are in UCCJA. Under the PKPA "home State” jurisdiction is granted priority over the other considerations. Only after it has been determined that no other State would have jurisdiction under the "home State” sections does the inquiry move to the best interest or decline of jurisdiction consideration, unless the child is present and there exists an abandonment or emergency. Based on the foregoing, it is essential to determine the subject child’s home State for custody purposes.
Immediately preceding the commencement of this proceeding, the child resided with respondent in Florida for more than six consecutive months. In fact, it is conceded that he resided in the foreign State for nearly two years. Accordingly, under the PKPA and the UCCJA, the "home State” of Ricardo Caronna, Jr., is Florida. Additionally, the child and his father have significant contacts and connections with Florida and there exists in Florida substantial evidence concerning the child’s past, present and future care as well as his protection, training and personal relationships.
This State does have a jurisdictional nexus in this matter, since the child and respondent had lived in this State for a significant part of their lives. However, "absence of children *837 from a State for 18 months is a strong indicator that there is no longer '[significant] access to relevant evidence’ in [the] State” as required by Domestic Relations Law § 75-d governing jurisdiction. (Steinman v Steinman, 80 AD2d 892, 893 [2d Dept 1981].)
The "home State” of Ricardo Caronna, Jr., is Florida and the evidence and witnesses who could testify about the child and respondent for the period of the last two years is more readily available in the Florida court. Accordingly, the court concludes that the more appropriate forum to litigate this interstate custody dispute is Florida.
Respondent’s motion to dismiss this proceeding is granted.