OPINION OF THE COURT
Joan B. Lefkowitz, J.
This written decision incorporates the oral decision ren *164 dered on the record by this court on April 17, 1989 which resulted in the issuance of a short-form order of the same date requiring the immediate return of the parties’ child, N., to his mother in the State of Arizona.
The petitioner seeks custody of his 3 Vi-year-old son N., and contends that the New York courts have jurisdiction to determine the issue of custody. All previous proceedings, including the parties’ divorce and the determination of custody, took place in Arizona. The parties settled their custody proceedings by stipulation in the Arizona courts and agreed to "joint legal custody with physical custody to the mother in Arizona and specific visitation with the father in New York.” The stipulation and order modifying custody also provide that the petitioner father post a $500 bond as security for the return of N. to his mother. The stipulation and order specifically provide that Arizona is the home State of the child as long as respondent continues to reside in Arizona. Respondent and the minor child have resided in Arizona since the birth of the child and the entry of the stipulation and order modifying custody (Arizona court order dated Jan. 5, 1988).
In December of 1988, N. came to New York by agreement with the respondent mother, to visit with the petitioner. The petitioner agreed to return N. to his mother in Arizona on March 4, 1989. N. was not returned on March 4 and, instead, his father filed a petition in the Yonkers Family Court for custody pursuant to section 651 (b) of the Family Court Act. The petition further alleged that the New York Family Court had jurisdiction to grant custody pursuant to Domestic Relations Law § 75-d (1) (a) (i), in that New York is the home State of the child at the time of the commencement of the custody proceeding; and pursuant to Domestic Relations Law § 75-d (1) (b) in that it is in the child’s best interest for this court to assume jurisdiction, and petitioner and the child have significant connections with this State, and pursuant to Domestic Relations Law § 75-d (1) (c) in that the child is present in New York and there is an emergency situation which requires the court to protect this child.
Thereafter, petitioner filed an order to show cause seeking an order restraining the removal of the child from petitioner’s custody during the infant’s medical treatment, or from interfering with said medical treatment pending the determination for custody. Respondent moved to dismiss all proceedings for lack of jurisdiction. The court denied the restraining order and scheduled all matters for preliminary proceedings. The *165 Honorable Theodore Knuck of the Superior Court of the State of Arizona contacted this court on the date of the preliminary proceeding and informed the court that there is currently a proceeding pending for the return of the child in the State of Arizona. Judge Theodore Knuck of Arizona, petitioner’s counsel, respondent’s counsel and this Judge, participated in a conference call and petitioner’s counsel urged this court to hear the case to protect the child and insure this child’s proper medical treatment. After further argument by petitioner’s counsel on the record, the court dismissed the petition and order to show cause for lack of jurisdiction.
The primary issue before this court is whether this court may exercise jurisdiction over this interstate custody dispute. New York has adopted the Uniform Custody Jurisdiction Act (UCCJA), which is codified in Domestic Relations Law article 5-A. Communication between States regarding child custody has improved with the nationwide acceptance of the UCCJA. The purpose of the UCCJA is to minimize jurisdictional competition and conflict with courts of other States and to assure that custody determinations are made in the State with which the child and the child’s family have the closest connection. The Uniform Child Custody Jurisdiction Act was also enacted to promote cooperation with the courts of other States. (Domestic Relations Law § 75-b.) Another goal of the statute is to discourage the removal of children from one State by a parent to obtain custody or to relitigate custody decisions of other States. The purpose of the act would be thwarted if the New York courts assumed jurisdiction in every case permitted under Domestic Relations Law § 75-d.
Petitioner alleges four grounds for jurisdiction under Domestic Relations Law § 75-d (1). Petitioner alleges that: (1) New York is the "home State” of the child; (2) the best interests of the child require this court to assume jurisdiction; (3) the child is physically present in New York State; and (4) the child is in need of medical and therapeutic treatment.
If New York is the "home State” of the child, this court may assume jurisdiction of the custody matter. "Home state” as defined in Domestic Relations Law § 75-c (5) is the State in which the child has resided for the six consecutive months prior to the commencement of the custody proceeding. A State does not cease to be the "home State” when the child leaves that State temporarily, such as for a visit or a vacation. In the instant matter, N. has lived in Arizona since birth and has been in New York for the past 3 Vi months for visitation with *166 his father, the first eight weeks of which were pursuant to an Arizona stipulation. N. remained in New York from March 4, 1989 to the present, because his father failed to return the child to Arizona. Additionally, the parties stipulated to Arizona being the "home State” of the child and an order was entered in accordance therewith on January 5, 1988 (Houghton, J.), which order also modified custody.
Under the Federal Parent Kidnaping Prevention Act (PKPA), if the court determines that another State is the "home State” of the child, this precludes a New York court from exercising jurisdiction, unless the child is present and there exists an abandonment or emergency that necessitates the protection of the child (Caronna v Caronna, 141 Misc 2d 834, 836 [1988]). Gomez v Gomez (86 AD2d 594, affd 56 NY2d 746 [1982]) held the mere presence of the child in that State is not a sufficient basis for the exercise of jurisdiction.
If this court considers the "best interests” test under Domestic Relations Law § 75-d (1) (b), it would have to decline jurisdiction since Arizona is the child’s home State and all the witnesses, affiants, the child, and the respondent reside in Arizona.
The only possible avenue for this court to exercise jurisdiction would be under Domestic Relations Law § 75-d (1) (c). Jurisdiction is possible under this section if the child is present in the State and has been abandoned, or it is necessary in an emergency to protect the child. There is no evidence of abandonment on the record, thus, this section will be available only if there is an emergency and this court must protect the child. Petitioner contends that his wife is not attending to his son’s medical problems and his son is not receiving proper medical attention in Arizona.
Petitioner alleges that his son, who is now almost four years old, is in need of medical treatment that only a New York hospital, St. Agnes in White Plains, can provide. N. was born 10 weeks prematurely and this resulted in certain medical problems. It is stated that he has a club foot, he started walking late, his speech is slurred, and his development has been slow.
Emergency jurisdiction is " 'reserved for extraordinary circumstances’ ” (Sobie, Practice Commentaries, McKinney’s Cons Laws of NY, Book 14, Domestic Relations Law § 75-d, at 307, quoting 1981 comments, UCCJA § 3, Commrs on Uniform State Laws). The Commentaries further state that " 'when *167 there is a child neglect without emergency or abandonment, jurisdiction cannot be based on this paragraph’ (Ibid.)
New York cases have followed the restriction on emergency jurisdiction. It has been held that allegations of excessive drinking, unreasonable spending habits, and time away from home, do not constitute an emergency situation (De Passe v De Passe, 70 AD2d 473). In Severio P. v Donald Y. (128 Misc 2d 539), jurisdiction was established on the basis of physical abuse, but only after the court received a report and recommendation from the local Child Protective Services.
The Arizona stipulation and order modifying custody dated January 5, 1988, paragraph 10, provides for medical treatment for the child as follows:
"Except in the event of an emergency, each of the parties shall, in good faith and in advance, consult with the other and negotiate mutual decisions with respect to N’s medical care. In the event of an emergency, each of the parties shall consult with the other as soon as possible. Each of the parties shall be entitled to obtain a second opinion on any medical question. Each of the parties shall give healthcare providers full releases to insure that the other party has complete access to medical information and records pertaining to N. The parties will earnestly endeavor to reach mutually satisfactory arrangements with respect to N’s medical care.
"Petitioner shall keep all medical appointments for N., shall obtain all recommended medical care for N., shall timely administer to N. recommended medication, and shall insure that N. wears all recommended corrective devices at all recommended times, provided however, that Petitioner’s agreement to do so shall not be deemed an admission of any kind.”
Here, petitioner has not alleged an emergency, the child has had ongoing medical problems since birth and the issue as to where the child would receive the best medical treatment or if the child is receiving the proper treatment, must be resolved by the Arizona courts. The State of Arizona has the jurisdictional nexus in this matter and, if there is a violation of the Arizona stipulation, that must be resolved by the Arizona courts. The 3%-year-old child was present in the courtroom seated on his father’s lap when this decision was rendered on the record and was obviously not in a state of medical emergency requiring immediate court intervention and protection. Any differences in medical opinion as to this child’s treatment *168 is not a medical emergency as contemplated by the statute (Domestic Relations Law § 75-d [1] [c] [ii]). In Matter of Tenenbaum v Sprecher (133 AD2d 371), the court held that a wife’s unsubstantiated allegations of threat to the well-being of children were insufficient to require New York to invoke its emergency jurisdiction to determine custody of children who were subject to a custody decree of Texas court. Here, N. is clearly subject to the custody decree of the Arizona court.
Accordingly, the petition is denied on the ground that the court lacks jurisdiction over this matter.