Linda May LARSON, f/k/a Linda May Dunn, Plaintiff and Appellant,

v.

Alan Marshall DUNN, Defendant and Appellee.

Civ. No. 900441.

Supreme Court of North Dakota.

July 31, 1991.

Linda May Larson, pro se.

Vogel, Brantner, Kelly, Knutson, Weir & Bye, Ltd., Fargo, for defendant and appellee; argued by Jerry O. Brantner.

GIERKE, Justice.

Linda Larson, formerly known as Linda Dunn, appeals from a district court order dismissing her motion for a change in custody. We vacate the court's prior order

modifying custody and remand with directions.

On August 8, 1983, judgment was entered in district court for Cass County granting Linda and Alan Dunn a divorce and awarding Linda custody of their three minor children. At that time, Linda, Alan, and the three children were all residents of North Dakota. Linda remarried, and in April 1985, she and Alan stipulated that the three children could move with her to Moorhead, Minnesota. Alan also remarried, and he and his wife moved to California in July 1986.

On July 27, 1987, Alan made a motion in the district court for Cass County for an order granting him custody of the children. Linda, through counsel, resisted Alan's motion on the merits; however, she did not object to the court's jurisdiction to hear the motion. After a hearing before a referee on August 7, 1987, the referee granted Alan's motion for change of custody on September 17, 1987, and continued the hearing to determine Linda's child support obligation. On September 24, 1987, the district court confirmed the referee's decision to grant custody to Alan.

At a hearing before the referee on April 28, 1988, to determine Linda's child support obligation, she appeared pro se and objected to the court's jurisdiction because neither the children nor the contestants had been living in North Dakota since 1986. The following exchange occurred:

"[REFEREE]: This Court had jurisdiction because the original action was filed here. There was no, um, there was no objection made by either party to this Court hearing that motion. There was not, and the Court has jurisdiction, because the Court the case was originally venued in this County, in this State.

"If either party felt that another state had jurisdiction under the Uniform Child Custody Act um, that should have been raised.

\* \* \* \* \* \*

"MRS. LARSON: My attorney was asked to raise it, he did not.

"[REFEREE]: It is not the fault of the Court. Your attorney did not raise that.

It is not up to the Court to investigate or research the case for any possible, um, matter or issue that might be raised. It's up to the attorney to do that. And your attorney should have raised that issue. If that was something that you wanted to raise you should have gotten that straightened out with him. You have already informed the Court that you have filed a Petition with the State Bar Association. But there is nothing that um, that hearing is um, has been held. The time for review by a District Judge has passed. It's confirmed. The time period to appeal that decision to the State Supreme Court of North Dakota to raise these issues of jurisdiction, that time has passed. There is nothing I can do about the items that you have raised this morning."

On July 1, 1988, the referee ordered Linda to pay $50 per month per child for child support until each child reaches 18. Linda requested review by the district court, objecting to the court's jurisdiction. On August 3, 1988, the court denied Linda's request for review, concluding that Linda had personally appeared and that the "court has had proper jurisdiction at all times due to the personal appearance."

On September 19, 1988, Linda, through her new attorney made a motion under Rule 60(b), N.D.R.Civ.P., to vacate the judgment changing custody and setting child support. She contended that the court lacked subject matter jurisdiction because the children and the contestants had not lived in North Dakota since 1986 and the judgment was therefore void. The court denied Linda's motion on October 28, 1988. Linda did not appeal from that decision.

On October 17, 1990, Linda moved for "return of custody to her because of fraud on the court in the Judgment entered 18 September 1987 and a subsequent judgment entered 1 July of 1988." Alan moved to dismiss her motion, alleging that it was not timely and that the district court for Cass County lacked jurisdiction under the Uniform Child Custody Jurisdiction Act be-

cause the children and the contestants were not residents of North Dakota.

By order dated November 27, 1990, the court dismissed Linda's motion, concluding that:

"1. That the motion ... has not been timely made for the reason that it was not made within one year after the Order of the Court of September 17, 1987, nor the Order of the Court dated October 25, 1988.

"2. That the question of jurisdiction was raised by [Linda] pursuant to a Rule 3.2 Motion brought by [her] through her attorney ... on September 19, 1988. That the Court ruled at that time that the Court did have jurisdiction in the prior custody action, and that the decision of the Court was not appealed.

"3. That under the Uniform Child Custody Jurisdiction Act, the Court currently lacks jurisdiction over the question of custody of the children of [Linda and Alan] herein."

Relying on *Long v. Long*, 439 N.W.2d 523 (N.D.1989), and *Dahlen v. Dahlen*, 393 N.W.2d 765 (N.D.1986), Linda has appealed from that order, arguing:

1. 28 U.S.C.S. § 1738A(d) provides:
"*§ 1738A. Full faith and credit given to child custody determinations*
\* \* \* \* \* \*
"(d) The jurisdiction of a court of a State which has made a child custody determination consistently with the provisions of this section continues as long as the requirement of subsection (c)(1) of this section continues to be met and such State remains the residence of the child or of any contestant."
28 U.S.C.S. § 1738A(c)(1) provides:
"(c) A child custody determination by a court of a State is consistent with the provisions of this section only if—
"(1) such court has jurisdiction under the law of such State...."

2. Section 14–14–03(1), N.D.C.C., provides:
"*Jurisdiction.*
"1. A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial decree or modification decree if:
"a. This state (1) is the home state of the child at the time of commencement of the proceeding, or (2) had been the child's home state within six months before commencement of the proceeding and the child is absent

"[T]hat if Cass County does not have jurisdiction now they never did due to the fact that none of the parties or the children involved in this action were residents of the State of North Dakota at the time of the initial custody hearing. Minnesota was the child's home state; therefore in accordance with the Child Custody Jurisdiction Act North Dakota did not have jurisdiction."

■ The underlying issue in this appeal involves an interstate custody dispute. In *Dahlen, supra,* we said that before a court can proceed to the merits of an interstate custody dispute, it must first determine whether it has jurisdiction under the Parental Kidnapping Prevention Act (PKPA), 28 U.S.C. § 1738A,[1] and the Uniform Child Custody Jurisdiction Act (UCCJA), N.D.C.C. ch. 14–14.[2] We said that although Section 14–05–22, N.D.C.C., generally gives a trial court continuing power to modify a prior custody determination, the court must determine whether or not the requirements of the PKPA and the UCCJA have been met in order to maintain jurisdiction of an interstate custody dispute. We said that under the PKPA and the UCCJA, a North Dakota court retains jurisdiction to

from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state;
"b. It is in the best interest of the child that a court of this state assume jurisdiction because (1) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (2) there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships;
"c. The child is physically present in this state and (1) the child has been abandoned or (2) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected, dependent, or deprived; or
"d. (1) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with subdivision a, b, or c, or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and (2) it is in the best interest of the child that this court assume jurisdiction."

modify a prior custody determination if the children or either contestant continues to reside in the state.[3] We also noted that under the PKPA and the UCCJA jurisdictional provisions regarding abused children, a North Dakota court retains jurisdiction to modify custody if the child is physically present in the state. 28 U.S.C. § 1738A(c)(2)(C) and Section 14-14-03(1)(b), N.D.C.C. In *Dahlen* neither the children nor the contestants resided in North Dakota when the custody modification was sought, and we held that, under the PKPA,[4] the North Dakota district court no longer had subject matter jurisdiction to modify the custody decree. We vacated an order denying, on the merits, the motion for modification of custody, and we remanded with directions that the court enter an order denying the motion for lack of jurisdiction.

In *Long, supra,* neither the children nor the contestants had resided in North Dakota since 1980. On August 6, 1986, the court modified the visitation provisions of a prior North Dakota custody decree. Neither party objected to the court's jurisdiction and no appeal from the modification was taken. In 1988, the court modified the custody decree again. On appeal we held that the court did not have subject matter jurisdiction to enter the second custody modification. We vacated the second amended decree and remanded with directions that the court enter an order denying the motion for lack of jurisdiction. We observed:

"As to the first amended judgment of August 6, 1986, apparently neither party contested the court's jurisdiction to modify the divorce decree, and there was no appeal. On this appeal from the second amended judgment, neither party raises the issue of whether the first amended judgment is void because of the trial court's apparent lack of jurisdiction. While we recognize it is the duty of this court to raise jurisdictional issues sua sponte whenever they appear on the record, *Dahlen v. Dahlen,* 393 N.W.2d 765, 767 (N.D.1986), we prefer to proceed cautiously and leave the parties to their remedy under NDRCivP 60(b)(iv)." *Long, supra,* 439 N.W.2d at 526 n. 6.

■ In this case Linda has raised the jurisdictional issue which neither party raised in *Long.* In order to render a valid judgment or order, a court must have jurisdiction over both the subject matter of the action and the parties. *E.g., Byzewski v. Byzewski,* 429 N.W.2d 394 (N.D.1988); *Reliable, Inc. v. Stutsman County Commission,* 409 N.W.2d 632 (N.D.1987). Subject matter jurisdiction refers to the court's power to hear and determine the general subject involved in the action. *Fredericks v. Eide-Kirschmann Ford,* 462 N.W.2d 164 (N.D.1990); *Byzewski, supra;* Black's Law Dictionary 743 (Abridged 5th Ed. 1983). In contrast personal jurisdiction refers to the power of the court over a party. *See State Bank of Burleigh County v. Johnson,* 303 N.W.2d 520 (N.D.1981); Black's Law Dictionary 596 (Abridged 5th Ed.1983).

■ A court has subject matter jurisdiction over an action if the constitution and the laws authorize that court to hear the type of cases to which the particular action belongs. *Fredericks, supra; Byzewski, supra.* A court has personal jurisdiction over a person if the person has

---

3. The PKPA and the UCCJA include similar definitions for "custody determination" and for "contestant." 28 U.S.C.S. § 1738A(b)(3) defines a "custody determination" as "a judgment, decree, or other order of a court providing for the custody or visitation of a child, and includes permanent and temporary orders, and initial orders and modifications." 28 U.S.C.S. § 1738A(b)(2) defines a "contestant" as "a person, including a parent, who claims a right to custody or visitation of a child."

Section 14-14-02(2), N.D.C.C., defines a "custody determination" as "a court decision and court orders and instructions providing for the custody of a child, including visitation rights; it does not include a decision relating to child support or any other monetary obligation of any person." Section 14-14-02(1), N.D.C.C., defines a "contestant" as "a person, including a parent, who claims a right to custody or visitation rights with respect to a child."

4. We observed that although the PKPA was dispositive of the jurisdictional issue, we would have reached the same result under the UCCJA jurisdictional provisions.

reasonable notice that an action has been brought and sufficient connection with the forum state to make it fair to require defense of the action in the state. *Smith v. Smith*, 459 N.W.2d 785 (N.D.1990); *Byzewski, supra.* Personal jurisdiction over a person is acquired by service of process in compliance with N.D.R.Civ.P. 4, or if a nonresident makes a voluntary general appearance and fails to assert the lack of personal jurisdiction. *Smith v. Smith, supra; Wallwork Lease & Rental Co. v. Schermerhorn*, 398 N.W.2d 127 (N.D.1986); *State Bank of Burleigh County v. Johnson, supra.* Subject matter jurisdiction cannot be conferred by the parties' agreement, consent, or waiver; however, a party's right to object to personal jurisdiction may be waived. *Long v. Long, supra; Reliable, Inc. v. Stutsman County Commission, supra.*

A judgment or order entered without the requisite jurisdiction is void. *Dahlen, supra; First National Bank of Crosby v. Bjorgen*, 389 N.W.2d 789 (N.D.1986); *State v. Red Arrow Towbar Sales Co.*, 298 N.W.2d 514 (N.D.1980). If a judgment is void on its face, the court has no discretion to protect the judgment under Rule 60(b), N.D.R.Civ.P. [*First National Bank of Crosby v. Bjorgen, supra* ], and it may be collaterally attacked at any time by a party claiming an interest in the subject matter affected. *Lende v. Wiedmeier*, 179 N.W.2d 736 (N.D.1970); *Zimmerman v. Boynton*, 59 N.D. 112, 229 N.W. 3 (1930); *see Dahlen, supra.*

In this case it is undisputed that Linda and the children had not resided in North Dakota since April 1985 and that Alan had not resided in North Dakota since July 1986. It does not appear from the record that the children were physically present in North Dakota when Alan moved for modification of custody. *Dahlen, supra.* Because of the unique procedural posture of this case involving a subject matter jurisdiction issue which appears on the face of the record and because that

issue cannot be waived and can be raised *sua sponte* at any time, we will consider the court's jurisdiction to grant Alan's motion for modification of custody. *Long, supra; Dahlen, supra.*

Pursuant to *Long, supra,* and *Dahlen, supra,* the district court did not have subject matter jurisdiction to consider Alan's motion for change of custody in July 1987 because neither the children nor the contestants resided in North Dakota and the children were not physically present in the state at that time. We therefore conclude that the order granting Alan's motion for change of custody is void because of lack of subject matter jurisdiction.[5] We vacate the district court's order granting Alan's motion for change of custody so that it is not an impediment for appropriate proceedings in a court having subject matter jurisdiction, and we remand with directions that the court enter an order denying the motion for lack of jurisdiction.

However, the court's jurisdiction over child support requires a different analysis. Jurisdiction over the marital status and the incidences of a marriage, such as support, involve distinct and separate jurisdictional foundations. *Smith, supra; Byzewski, supra.* Similarly, jurisdiction over the status of child custody and claims for child support involve different jurisdictional foundations. *Interest of SAV*, 798 S.W.2d 293 (Tex.Ct.App.1990); *Creavin v. Moloney*, 773 S.W.2d 698 (Tex.Ct.App. 1989). *See generally* 24 Am.Jur.2d, Divorce and Separation, § 1020 (1983).

In *Interest of SAV, supra,* an original divorce decree granting the mother custody of the children was entered in Minnesota. The mother subsequently moved to Texas with the children and the father continued to reside in Minnesota. Proceedings about visitation, custody, and child support were commenced in both Texas and Minnesota. In the Texas proceeding, the court concluded that, under the full faith and credit provisions of the PKPA, the Texas courts did not have subject matter jurisdiction to

---

5. We express no opinion about Linda's allegations that Alan kidnapped the children; however, we observe that Alan has had custody of

the children under color of law since the original order was entered.

adjudicate the status of custody or visitation because the original decree was entered in Minnesota and the Minnesota courts had not lost or declined jurisdiction to modify the decree. However, the court concluded that the Texas courts had jurisdiction to modify child support because that claim was closely analogous to a claim for a debt which required personal jurisdiction over a non-resident for validity. The court concluded that the Texas courts had jurisdiction to modify child support because the father had made a general appearance and subjected himself to the in personam jurisdiction of the court.

In *Creavin v. Moloney, supra,* the court applied similar principles and the mutual obligation of parents to provide support for a child's necessaries, and concluded that compliance with the jurisdictional requirements for custody determinations under the UCCJA was not necessary in a suit for child support because "custody determinations" did not "include a decision relating to child support or any other monetary obligation of any person." *See* Section 14–14–02(2), N.D.C.C., fn. 3. The court concluded that the Texas courts had personal jurisdiction over the non-resident parent who had commenced the proceeding in Texas and that the lower court erred in dismissing the proceeding for child support.

■ Similarly, under North Dakota law, parents have a mutual duty to support their children [Section 14–09–08, N.D.C.C.], and a person legally responsible for the support of a child who is not subject to a court order for support of the child is liable for the reasonable value of support which has been furnished to the child by any person. Section 14–08.1–01, N.D.C.C. Pursuant to Section 14–08.1–02, N.D.C.C., proceedings to enforce an obligation to support a child may be brought in a district court in the county wherein the defendant has assets subject to attachment, garnishment, or execution. Section 14–08.1–02, N.D.C.C.

■ In this case Linda appeared at the initial hearing to determine custody without objecting to the court's jurisdiction over her person. *See Interest of SAV,*

*supra.* She was employed in Cass County when the district court for Cass County ordered her to pay child support. The court thus had subject matter jurisdiction to determine that claim and Linda had sufficient minimal contacts with North Dakota to confer personal jurisdiction over her. *Compare Smith v. Smith,* 459 N.W.2d 785 (N.D.1990). We conclude that the district court had jurisdiction to modify child support.

We remand to the district court with directions.

ERICKSTAD, C.J., VANDE WALLE and MESCHKE, JJ., and VERNON R. PEDERSON, Surrogate Judge, concur.

VERNON R. PEDERSON, Surrogate Judge, sitting in place of LEVINE, J., disqualified.